IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELMAN VICENTE RAMOS, | |
| Plaintiff, | |
| v. | No. 24-cv-5183 |
| SHAN FOOD CORPORATION and SHAWN DAOOD, | Judge Franklin U. Valderrama |
| Defendants. | |

## ORDER

The Federal Labor Standards Act (FLSA) 29 U.S.C § 201 *et seq.* requires certain employers to pay overtime. Plaintiff Welman Vincente Ramos (Ramos) worked at Defendant Shan Food Corporation as a dishwasher and food preparer. Defendant Shawn Daood (Daood) (collectively, Defendants) is the owner of Shan Food Corporation. Ramos alleges that Defendants violated the FLSA and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.* by failing to pay him for overtime work. R. 59,[1] SAC. Defendants move to dismiss Ramos's Second Amended Complaint (SAC) pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] R. 26, Mot. Dismiss. For the reasons that follow, Defendants' motion is denied.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2] After the motion to dismiss was fully briefed, Ramos moved for, and the Court granted, leave to file a SAC. R. 39, R. 58. The SAC only substituted the name of a party and otherwise remained substantively identical to the First Amended Complaint (FAC). *See* R. 39 ¶ 4. Defendants informed the Court via a status report that they intended to stand on their previously filed motion to dismiss the FAC as their responsive pleading to Plaintiff's SAC. R. 63.

## Background[3]

Ramos worked as a dishwasher and cook for Shan Food Corporation from March 2014 to August 7, 2023. SAC ¶ 11–12. Daood is the owner and manager of Shan Food Corporation. *Id.* ¶ 4. In 2021, Daood told Ramos that he would be paid $725 per week worked in 2021 and thereafter, which was how much Daood paid Ramos in cash during this period. *Id.* ¶¶ 11, 16. Daood set Ramos's schedule and required Ramos to work 57 hours per week. *Id.* ¶ 14. Ramos worked 57 hours per week, but also often regularly worked more than 57 hours per week. *Id.* ¶¶ 15, 19. Ramos had no managerial authority, could not hire or fire anyone, and could not set his own work schedule or his own rate of pay—rather, Daood had those duties over Ramos. *Id.* ¶ 13. Ramos's rate of pay was below the Chicago minimum wage requirement. *Id.* ¶ 18. Defendants also allegedly failed to pay Ramos for the overtime he worked. *Id.* ¶ 20.

Ramos sued Defendants asserting violations of the FLSA (Count I) and (IMWL) (Count II). Defendants move to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss. Defendants' fully briefed[4] motion to dismiss is before the Court.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811,

---

[3]The Court accepts as true all the well-pled facts in the Complaint and draws all reasonable inferences in favor of Ramos. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

[4]Defendants did not file a reply in support of their motion to dismiss.

2

820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

The FLSA requires an employer "engaged in commerce or in the production of goods for commerce" to pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C § 206(a) and overtime in the amount of "one and one-half times the regular rate" of pay for all hours worked over forty in one workweek, 29 U.S.C § 207 (a)(1); *Dalton v. Sweet Honey Tea, Inc.*, 2023 WL 8281524, at *6 (N.D. Ill. Nov. 30, 2023) (citing *Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2001) ("[The FLSA] is designed to protect workers from the twin evils of excessive work hours and substandard wages.")). Defendants raise several arguments in support of dismissal, which the Court addresses in turn.

I. **Sufficiency of the Allegations Regarding Hours Worked**

Defendants first argue that the SAC "does not provide sufficient factual detail regarding the specific weeks or time periods" Ramos allegedly worked. Mot. Dismiss at 1–2[5] (citing *Hirst v. Skywest, Inc.*, 910 F.3d 961 (7th Cir. 2018); *Hall v. DIRECTV, LLC*, 846 F.3d 757 (4th Cir. 2017)[6]). Ramos counters that the SAC adequately alleges the hours he worked over which time periods. R. 30, Resp. at 2. The Court agrees. Unlike the plaintiffs in Hirst, who alleged only that they "worked many hours" and cited "several weeks in which they *were* paid the minimum wage," 910 F.3d at 966, here the SAC contains several allegations regarding Ramos's work schedule and the actual number of hours worked. *See* SAC ¶¶ 11, 14, 15. This is sufficient to put Defendants on notice of the claims against them. *See, e.g. Dalton*, 2023 WL 8281524, at *7.

II. **Allegations Against Both Defendants**

Next, Defendants argue that while Ramos has sued two different entities, he fails to identify which allegations are asserted against which Defendant. Mot. Dismiss at 2–3. Ramos responds that the SAC properly alleges FLSA and IMWL

---

[5]Inexplicably, Defendants fail to paginate their motion to dismiss. The page numbers referenced herein are those per the ECF filing.

[6]Defendants incorrectly cited *Hall* as a Seventh Circuit case, when in reality it is a Fourth Circuit case. Moreover, Defendants blatantly misrepresent the Fourth Circuit's holding. The motion to dismiss states that the circuit court "dismissed an FLSA claim where the plaintiffs failed to allege facts that could plausibly suggest they were denied overtime pay." Mot. Dismiss at 2. However, while the *district court* dismissed the plaintiffs' FLSA claims, the Fourth Circuit reversed and remanded the case, holding that the "allegations provide[d] a sufficient basis to support a reasonable inference that Plaintiffs worked uncompensated overtime hours while serving as DIRECTV technicians." 846 F.3d at 777. The Court warns counsel that it is unacceptable to misrepresent the holdings of cases to the Court.

4

claims against both Daood and Shan Food Corporation, as Daood is the sole owner of Shan Food Corporation and thus both parties are responsible for the alleged violations. Resp. at 2–3.

To determine whether individual owners are "employers" under the FLSA and IMWL, courts within the Seventh Circuit applies an "economic realities" test. *Iqbal v. Integra Staffing Servs. Inc.*, 2019 WL 3408814, at *3 (N.D. Ill. July 24, 2019). Although no factor is dispositive, the Court may consider the following when determining whether an individual is an "employer" for purposes of the statutes: whether the individual "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* (cleaned up).

The Court agrees with Ramos that the SAC adequately pleads that Daood satisfies the factors. Resp. at 4. Specifically, Daood was able to hire and fire employees, including Ramos; he set Ramos's work schedule and determined his rate of pay; and he maintained employee work records as the owner of Shan Food Corporation. *Id.* (citing SAC ¶ 4); *see also* SAC ¶¶ 14–16. As stated above, Defendants did not file a reply, and therefore waived any response to Ramos's argument that Ramos and Shan Food Corporation are his employers under the FLSA and IMWL. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."). Accordingly, the Court finds that

5

Daood was Ramos's employer, and Ramos's claims are properly alleged against both Defendants.

### III. Liquidated Damages

Defendants also contend that Ramos fails to plead facts supporting liquidated damages. Mot. Dismiss at 3. Defendants cite only one case in support of the proposition that the mere inclusion of damages claims without supporting facts cannot survive a motion to dismiss. *Id.* at 4 (citing *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014)). *Adams*, however, neither addresses FLSA and IMWLA claims, nor damages allegations, and therefore does not support Defendants' argument. Defendants have therefore waived the argument. *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) ("We have repeatedly and consistently held that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (cleaned up).

Waiver aside, "[u]nder FLSA Sections 216(b) and 260, there is a presumption of double damages for a violation, absent a showing of good faith and reasonable belief that the employer was in compliance with the FLSA. The burden to prove good faith and reasonableness is substantial and lies with the employer." *Berger v. Perry's Steakhouse of Illinois, LLC*, 430 F. Supp. 3d 397, 408 (N.D. Ill. 2019) (cleaned up); *see also Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740, 754 (N.D. Ill. 2011). Defendants have failed to overcome this presumption at this stage.

6

## IV. Enterprise Coverage

Defendants next argue that the SAC fails to adequately allege "enterprise coverage" under the FLSA. Mot. Dismiss at 4 (citing *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 2013 WL 5304100, at *1 (N.D. Ill. Sept. 19, 2013)[7]). Like their citation to *Adams* in support of their liquidated damages argument, Defendants citation to *Brown* appears to be misplaced, as *Brown* does not analyze enterprise coverage. So, again, Defendants have waived their argument by failing to support it. *See Cisneros*, 846 F.3d at 978.

No matter, because again the Court agrees with Ramos that he has sufficiently pled enterprise coverage under the FLSA. "The FLSA has two grounds for coverage: individual and enterprise. If neither is met, FLSA doesn't apply." *Dalton*, 2023 WL 8281524, at *8 (cleaned up). Under 29 U.S.C. § 206(a), enterprise coverage is established when an employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce." It requires that the employer (1) have employees engaged in commerce and (2) have an annual gross volume of sales made or business done of at least $500,000. *Id.* § 203(s)(1)(A). Here, as Ramos points out in response, the SAC alleges that Shan Food Corporation has an "annual gross volume of sales made or business done of at least $500,000" and is engaged in interstate commerce because it "sold to its customers cigars, lamb meat, milk products, coca cola products, potatoes, rice and other like kind out-of-state products that crossed

---

[7]Defendants inexplicably do not include the citation to *Brown*, rather just the case name, District, and year. While it matters not whether a party cites to cases using Lexis or Westlaw, or even the case number and docket number, the Court expects counseled parties to include a citation to assist the Court in its review of the cited cases.

7

interstate borders, were delivered to Shan Food Corporation, and sold to Illinois customers." Resp. at 5–6 (citing SAC ¶ 5).

The Court agrees with Ramos that the SAC adequately pleads the prerequisites for enterprise coverage to apply.

### V. Statute of Limitations

Last, Defendants contend that Ramos's FLSA claim based on any allegations from 2021 and partially from 2022 are barred by the 2-year statute of limitations.[8] Mot Dismiss at 4. Both parties recognize that when a willful violation of the FLSA is pled, a 3-year, rather than 2-year, statute of limitations applies. *Id.*; Resp. at 6; 29 U.S.C. § 255(a). At the pleading stage, "all that is required is a general allegation that the defendant's actions were willful." *Divine v. Volunteers of Am. of Illinois*, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018) (citing *Diaz v. E & K Cleaners, Inc.*, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018) ("[C]ourts in this district have determined that bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage.")). The Court agrees with Ramos that he has satisfied notice pleading standards as to his claim that Defendants' conduct was willful. Resp. at 4–5 (citing SAC ¶¶ 20–23).

### VI. Fee Request

Finally, Ramos requests that the Court award it fees "from Defendant[s] for time spent drafting this needless response to discourage this type of motion practice."

---

[8] It does not appear that Defendants attack Ramos's IMWL claim as beyond the statute of limitations, but to the extent that they do, as Ramos argues in response, the statute of limitations for all IMWL claims is 3 years. Resp. at 6 (citing 820 ILCS 105/12).

8

Resp. at 4. Ramos contends that Defendants' motion simply reiterates the arguments from their first motion to dismiss, which ignoring the updated allegations in the First Amended Complaint (and SAC), which addressed those concerns. *Id.* at 1. As the Court has previously noted, Defendants did not file a reply, and therefore did not respond to Ramos's fee request, thereby waiving a response. *See In re GT Automation Grp.*, 828 F.3d at 605.

"Before imposing sanctions for litigation misconduct, the district court must make a finding of bad faith, designed to obstruct the judicial process, or a violation of a court order. Mere clumsy lawyering is not enough. When findings of bad faith are properly made, district courts have inherent authority to award attorneys' fees as a sanction." *REXA, Inc. v. Chester*, 42 F.4th 652, 671 (7th Cir. 2022) (cleaned up). The Court agrees with Ramos that most arguments in Defendants' motion to dismiss are not well taken, and indeed, in at least one instance, Defendants misstate a case holding. However, based on the record before it, the Court cannot say that Defendants acted in bad faith. It therefore declines to award attorneys' fees to Ramos. The Court warns Defendants, however, that that they may find a different fate for repeated transgressions.

## Conclusion

For the foregoing reasons, the Court denies the motion to dismiss [26] in all respects. Defendants must answer the SAC on or before September 12, 2025. Since discovery closed on May 5, 2025, the Court directs the parties to file, by September 19, 2025, a status report stating whether either party intends to move for summary

9

judgment, and if so, provide a proposed briefing schedule. If neither party intends to move for summary judgment, the status report should indicate: (1) whether the parties are interested in participating in a settlement conference before Magistrate Judge Weisman; (2) whether the parties consent to proceeding with trial before Magistrate Judge Weisman, (3) whether the parties consent to a bench trial before this Court, (4) the anticipated number of days for trial, and (5) the expected number of witnesses.

Dated: August 29, 2025

                                                    United States District Judge
                                                    Franklin U. Valderrama